IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00391-PSF-MEH

JOSEPH P. SANDOVAL,

    Plaintiff,

v.

SEARS, ROEBUCK AND CO., INC.,

    Defendant.

## ORDER OF REMAND TO STATE COURT

    This matter comes before the Court pursuant to Plaintiff's Objection to Removal (Dkt. # 6), filed March 5, 2007, which this Court treats as a motion to remand to state court. More than 20 days have elapsed since the filing of plaintiff's motion and no response has been filed by defendant.

    This case was originally filed in Jefferson County (Colorado) District Court on or about February 2, 2007. The complaint alleges a personal injury to plaintiff arising from the alleged negligence of defendant in selling a consumer product without providing an owner's manual (Complaint, ¶ 11). The complaint, however, does not state an amount of damages, stating only that plaintiff requests "his general and special damages." (Complaint at 2).

    Defendant removed the case on February 26, 2007 (Dkt, # 1) asserting that the case is removable under diversity jurisdiction and that the amount in controversy appeared to exceed $75,000 based on the description of plaintiff's injuries as set forth in the complaint. (Notice of Removal (Dkt. # 1), ¶¶ 6-11). However, in a consumer

injury case quite similar to the instant matter, the Court in *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464 (N. D. Cal. 2003) held that when the complaint does not demand a specific dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Notwithstanding the description of plaintiff's serious physical injuries in the complaint in *Corbelle*, the court found that the amount in controversy was not met and remanded the case.  Here too, the fact that plaintiff may describe serious injuries in his complaint does not in and of itself establish thet the jurisdictional amount is met.

This Court also notes that the civil cover sheet filed by plaintiff with the state court states that plaintiff does not seek in excess of $100,00 and therefore the simplified procedures apply (Dkt. # 1 at 3).  Moreover, the Court notes that in his Objection plaintiff expressly states that he does not seeks more than $75,000 in damages, and stipulates that the award may not exceed that amount (Objection, ¶ 4). Based on these representations and stipulation, it appears to a legal certainty that any recovery in this case must be less than $75,000 and therefore the jurisdictional amount is not met.  *See Taylor v. Campbell*, 852 F. Supp. 978, 979-80 (M.D. Ala 1994).

Accordingly, this Court finds that the amount in controversy here does not satisfy the jurisdictional amount, and therefore GRANTS plaintiff's motion to remand and ORDERS that this case be remanded to the state court.

DATED:  March 26, 2007

BY THE COURT:

*s/ Lewis T. Babcock / for*
_____
Phillip S. Figa
United States District Judge

2